IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MACKEAN P. NYANGWESO )
MAISHA, )
 )
      Plaintiff, )
 )
      v. ) 1:12-CV-371
 )
THE UNIVERSITY OF NORTH )
CAROLINA, ET AL., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

This matter comes before the Court on Defendants' Motion for Partial Dismissal. (Doc. 6.) Plaintiff MacKean P. Nyangweso Maisha, a former doctoral candidate in biostatistics at the University of North Carolina at Chapel Hill, sued UNC and various UNC employees and doctoral students for discriminating against him and prohibiting him from obtaining his Ph.D. (Doc. 1.) The Court will grant the motion to dismiss in part, deny the motion in part, and grant Mr. Maisha leave to file an amended complaint including the surviving claims.

### BACKGROUND

Mr. Maisha transferred to UNC in 2004 to complete his doctorate degree in biostatistics. (Doc. 1 at ¶ 18.) Over the next eight years, he experienced a series of difficulties and problems with the university, the faculty, and other students, which the complaint sets forth in substantial detail. Ultimately, when Mr. Maisha attempted to register for the Spring 2012 semester, he was told he was no longer a student in the Department of Biostatistics. (*Id.* at ¶¶ 156-58.)

Mr. Maisha filed suit in this Court, asserting nine causes of action:

(1) "violation of equal educational opportunity," pursuant to Title VI of the Civil Rights Act of 1964, the Equal Educational Opportunities Act of 1974 ("EEO"), and the Fourteenth Amendment;

(2) intentional discrimination in violation of the Fourteenth Amendment and the North Carolina Constitution's "law of the land" clause;

(3) disparate impact;

(4) copyright infringement;

(5) plagiarism and "violation of academic integrity policy";

(6) breach of employment contract;

(7) breach of student-university contract;

(8) intentional infliction of emotional distress; and

(9) negligent infliction of emotional distress.

(*Id.* at ¶¶ 176-234.)

Mr. Maisha seeks a "preliminary and permanent" injunction requiring UNC to re-enroll him in the biostatistics Ph.D. program without requiring him to take the "DrPH Qualifying Examination" and requiring the defendants to republish certain works with Mr. Maisha's name on them, as well as damages of $75,000 each from UNC, Professor Michael Hudgens, and Professor Jason Fine and unspecified damages from all of the defendants. (*Id.* at pp. 31-32.) The defendants seek to dismiss all claims except the Title VI claim against UNC.

## ANALYSIS

I. **Equal Educational Opportunity Claims**

Mr. Maisha appears to sue each defendant for discriminating against him, in violation of Title VI, the Equal Employment Opportunities Act, and the Fourteenth Amendment. Defendants move to dismiss these claims except for Mr. Maisha's Title VI claim against UNC.

### A. Equal Educational Opportunities Act

In his response to Defendants' motion, Mr. Maisha requests to withdraw his EEO claims. Accordingly, those claims will be dismissed.

### B. Title VI

Title VI generally prohibits federally funded programs and activities from excluding any person on the basis of race, color, or national origin. 42 U.S.C. § 2000d. "[I]ndividuals may not be held liable for violations of Title VI because it prohibits discrimination only by recipients of federal funding." *Shotz v. City of Plantation*, 344 F.3d 1161, 1169 & n.11 (11th Cir. 2003) (collecting cases); *see also Farmer v. Ramsay*, 41 F. Supp. 2d 587, 592 (D. Md. 1999). Mr. Maisha's reliance on *Peters v. Jenney*, 327 F.3d 307 (4th Cir. 2003), is misplaced, as the court there did not reach the question of whether Title VI provides a cause of action against individuals. Because the individual employee-defendants cannot be held liable under Title VI, the Court will dismiss Mr. Maisha's Title VI claims against all defendants except for UNC.

### C. Fourteenth Amendment

Defendants move to dismiss Mr. Maisha's Fourteenth Amendment claims on the ground that the Fourteenth Amendment does not create a direct cause of action. In Mr. Maisha's response, he argues that the complaint gives fair notice that he brought his Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 and, in the alternative, requests that the Court take judicial notice of the § 1983 claim or grant him leave to amend his complaint to expressly state the claim.

Federal Rule of Civil Procedure 15 provides that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court has broad discretion to rule on a motion to amend and may deny such a motion "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the

amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

Defendants have offered no reason why Mr. Maisha should not be granted leave to amend his complaint and the Court sees none. Defendants will not be prejudiced by the amendment, as the factual basis for Mr. Maisha's claim will not change. Defendants acknowledge in their reply brief that a Fourteenth Amendment claim could be brought under § 1983. Such a claim, however, may only be brought against "persons." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," Mr. Maisha may only bring a § 1983 Fourteenth Amendment claim against the defendants he sues in their individual capacities. *Id.* Accordingly, the Court will grant defendants' motion to dismiss Mr. Maisha's bare Fourteenth Amendment claim without prejudice, grant Mr. Maisha leave to amend his complaint to bring his Fourteenth Amendment claim pursuant to § 1983 against the individual defendants, and deny as futile Mr. Maisha's motion to amend as to UNC and the defendants sued in their official capacities.

## II. Intentional Discrimination

Mr. Maisha claims that the defendants discriminated against him in violation of the Fourteenth Amendment and the North Carolina Constitution's "law of the land" clause. For the reasons stated above, the Court grants Defendants' motion as to Mr. Maisha's Fourteenth Amendment discrimination claim without prejudice and grants him leave to amend his complaint to bring the claim under § 1983 against the appropriate individual defendants.

The Court also grants Defendants' motion as to the discrimination claim brought pursuant to the North Carolina Constitution. Article I, Section 19 of the North Carolina Constitution provides, in relevant part: "No person shall be denied the equal protection of the laws; nor shall

4

any person be subjected to discrimination by the State because of race, color, religion, or national origin." N.C. Const. art. I, § 19.

"Claims brought under the North Carolina Constitution may be asserted only against state officials acting in their official capacities." *Love-Lane v. Martin*, 355 F.3d 766, 789 (4th Cir. 2004). Thus, Mr. Maisha's discrimination claims brought against the individual defendants in their individual capacities[1] pursuant to the North Carolina Constitution are dismissed.

Defendants contend that Mr. Maisha's claims against UNC and the individual defendants in their official capacities are barred by the Eleventh Amendment. The Eleventh Amendment protects states and state employees acting in their official capacities from suit in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984), *superseded on other grounds by statute*, 28 U.S.C. § 1367.

A state may waive its Eleventh Amendment immunity by consenting to be sued in federal court in one of two ways: (1) directly, by explicitly stating its intention to subject itself to suit in federal court in a state statute or constitutional provision; or (2) by voluntarily participating in federal spending programs, participation in which Congress has clearly conditioned on a state's waiver of its constitutional immunity. *Litman v. George Mason Univ.*, 186 F.3d 544, 550 (4th Cir. 1999). "[A] court may not find a waiver absent an 'unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment.'" *Id.* (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985),

---

[1] Mr. Maisha sued Professors Hudgens, Fine, Bahjat Qaqish, Gary Koch, Alisa Wolberg, and John Preisser, as well as post-doctoral fellow Chenxi Li, in their individual capacities. (Doc. 1 at ¶¶ 6-10, 12-13.) The Court will also assume that Mr. Maisha sued doctoral student Michael Hussey in his individual capacity, as Mr. Hussey does not appear to be an employee of UNC and, therefore, could not have been sued in his official capacity. (*See id.* at ¶ 11.)

5

*superseded on other grounds by statute*, 42 U.S.C. § 2000d-7, *as recognized in Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 831 (4th Cir. 1994)).

There is no indication that North Carolina has waived its immunity from claims brought under the state constitution generally or under Article I, Section 19 specifically. *See, e.g.*, *Guseh v. N.C. Cent. Univ.*, 423 F. Supp. 2d 550, 561 & n.6 (M.D.N.C. 2005), *aff'd*, 206 F. App'x 255 (4th Cir. 2006). Mr. Maisha's references to *Peters*, 327 F.3d 307, and Title VI are not helpful, as Congress's abrogation of Eleventh Amendment immunity with respect to Title VI claims is totally irrelevant to the state's immunity from North Carolina constitutional claims brought in federal court. Accordingly, the Court will grant Defendants' motion with respect to Mr. Maisha's Article I, Section 19 claims.

## III. Disparate Impact

Mr. Maisha next claims that UNC's policies had a disparate impact on Ph.D. candidates of African dissent. Because there is no standalone "disparate impact" cause of action and because, in his response to the motion, Mr. Maisha appears to be referencing Title VI, specifically in the form of a "disparate treatment" claim, the Court will construe this claim as a Title VI disparate impact claim.

To the extent Mr. Maisha brings a Title VI disparate impact claim, the United States Supreme Court has held that Title VI does not create a private right of action for disparate-impact discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001); *see Peters*, 327 F.3d at 315.[2] To the extent Mr. Maisha brings a distinguishable Title VI disparate *treatment* claim, it is redundant to his first cause of action under Title VI, which the Court is dismissing except as

---

[2] The case Mr. Maisha cites in support of his Title VI disparate impact or disparate treatment claim, *Elston v. Talladega Cnty. Bd. of Educ.*, 997 F.2d 1394 (11th Cir. 1993), is a pre-*Sandoval* case that assumed without deciding that a disparate impact analysis was proper, *id.* at 1406-07.

against UNC. *See* discussion *supra* Part I.B. Thus, the Court will grant Defendants' motion as to Mr. Maisha's disparate impact claims, without prejudice to his Title VI claim against UNC. To the extent Mr. Maisha seeks to amend his complaint to include Title VI disparate treatment claims, the Court will deny the motion as unnecessary.

**IV. Copyright Infringement**

Mr. Maisha sues UNC, Professor Hudgens, Professor Fine, Mr. Li, and Mr. Hussey for copyright infringement. "A plaintiff asserting a copyright infringement claim must show '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp. 2d 664, 700 (M.D.N.C. 2011) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Mr. Maisha does not allege that he owns a valid copyright and he has cited no authority for his argument that UNC's Copyright Infringement Policy gives rise to a claim of copyright infringement. Accordingly, the Court will grant Defendants' motion as to the copyright claims.

**V. Plagiarism and Violation of Academic Integrity**

In his "Plagerism [sic] and Violation of Academic Integrity Policy" claims, Mr. Maisha seeks to recover from Professor Hudgens, Professor Fine, Mr. Li, and Mr. Hussey for violations of UNC's school policies. (Doc. 1 at ¶¶ 207-10.) Mr. Maisha cites nothing other than UNC's internal policies to support this claim. He does not allege that these policies constitute enforceable promises to form the basis of a breach of contract claim. *See McFadyen v. Duke Univ.*, 786 F. Supp. 2d 887, 982 (M.D.N.C. 2011) (collecting cases), *rev'd in part on other grounds by Evans v. Chalmers*, 703 F.3d 636 (4th Cir. 2012). The Court finds no other authority to support such a cause of action against the university and its employees.

Mr. Maisha requests leave to amend his complaint to allege conversion under North Carolina law. To the extent he seeks to make such a claim against Professors Fine and Hudgens

7

in their official capacities, the Court denies the motion as futile because North Carolina has not waived sovereign immunity for the intentional tort of conversion. *See DeMurry v. N.C. Dep't of Corr.*, 195 N.C. App. 485, 493, 673 S.E.2d 374, 381 (2009). With respect to Professors Fine and Hudgens in their individual capacities, however, the factual basis for this claim is clear and there is no evidence that Mr. Maisha acted in bad faith in omitting the claim from his complaint. Accordingly, the Court will grant Mr. Maisha leave to amend his complaint to bring a conversion claim against Professors Fine and Hudgens in their individual capacities.

As to Mr. Li and Mr. Hussey, who were sued in their individual capacities, the Court denies the motion as futile. Mr. Maisha has not alleged that they took any action at all, much less an action that constituted wrongful conversion. (*See* Doc. 1 at ¶¶ 145-46, 149 (alleging that Professors Fine and Hudgens stole Mr. Maisha's work and added Mr. Li's name to it); *id.* at ¶ 152 (alleging that Mr. Maisha's name was dropped from an article and Mr. Hussey's name was added before it was published)); *see Gallimore v. Sink*, 27 N.C. App. 65, 67, 218 S.E.2d 181, 183 (1975) (explaining that one of the "essential elements" necessary in a complaint for conversion is "wrongful conversion by *defendant*" (emphasis added)).

In sum, the Court grants Defendants' motion as to Mr. Maisha's claims for plagiarism and violation of academic integrity. The Court grants Mr. Maisha leave to amend his complaint to bring conversion claims against Professors Fine and Hudgens in their individual capacities and denies as futile Mr. Maisha's motion to amend as to Professors Fine and Hudgens in their official capacities and as to Mr. Li and Mr. Hussey.

## VI. Breach of Contract

Mr. Maisha appears to have sued only UNC for breach of his employment contract and his student-university contract. To the extent he meant to bring these claims against any of the individual defendants, that effort fails because he has not alleged the existence of any contracts

8

between himself and any of the individual defendants.  Because North Carolina has not waived its sovereign immunity from suit in federal court for breach of contract actions, *see, e.g.*, *N. Carolina Supported Emp't v. N.C. Dep't of Health & Human Servs.*, No. 5:10-CV-135-FL, 2010 WL 4696556, at *3 (E.D.N.C. Nov. 12, 2010) (citing *Hooper v. North Carolina*, 379 F. Supp. 2d 804, 812 (M.D.N.C. 2005)), the Eleventh Amendment bars his contract claims against UNC.  Contrary to Mr. Maisha's contention in response to the motion, supplemental jurisdiction does not override an Eleventh Amendment bar.  *See Pennhurst*, 465 U.S. at 121.  Accordingly, the Court will grant Defendants' motion to dismiss Mr. Maisha's breach of contract claims.

**VII.    Intentional and Negligent Infliction of Emotional Distress**

Finally, Mr. Maisha claims that all the defendants are liable for intentional and negligent infliction of emotional distress.  To state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant engaged in extreme and outrageous conduct "which is intended to cause and does in fact cause . . . severe emotional distress." *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992).  To state a claim for negligent infliction of emotional distress, a plaintiff must allege that "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990).

**A.  Claims Against Persons in their Official Capacities**

Because North Carolina has not waived its sovereign immunity for claims of intentional or negligent infliction of emotional distress, Mr. Maisha's claims against Defendants in their official capacities are barred by the Eleventh Amendment.  *See Phillips v. N.C. A&T State Univ.*, No. 1:09CV227, 2009 WL 5215377, at *2 (M.D.N.C. Dec. 28, 2009).  Accordingly, the Court

9

will grant the motion to dismiss Mr. Maisha's intentional and negligent infliction of emotional distress as to all defendants sued in their official capacities.

### B. Claims Against Persons in their Individual Capacities

#### 1. Professor Koch, Professor Wolberg, Mr. Li, and Mr. Hussey

Mr. Maisha's claims against these defendants in their individual capacities fail because he has not alleged they engaged in any specific conduct which would give rise to a claim for intentional or negligent infliction of emotional distress. While the complaint is full of details, it is often vague as to who took what action. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important [where defendants include a government agency and a number of government actors sued in their individual capacities] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the state."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 n.10 (2007); *Bryant v. Wells Fargo Bank*, No. 5:10-CV-00237-D, 2012 WL 642524, at *3 (E.D.N.C. Jan. 5, 2012). For example, a number of paragraphs reference the "Director of Graduate Admissions (DGA)," but that person is never identified. (Doc. 1 at ¶¶ 21-22, 24.) Further, Mr. Maisha makes no specific allegations as to Professor Koch, Professor Wolberg, Mr. Li, or Mr. Hussey. Accordingly, the Court will grant the motion to dismiss Mr. Maisha's intentional and negligent infliction of emotional distress as to Professor Koch, Professor Wolberg, Mr. Li, and Mr. Hussey in their individual capacities.

#### 2. Professor Kosorok, Ms. Hobgood, Mr. Zentz, and Professor Cai

Mr. Maisha makes specific allegations as to Professor Kosorok, registrar Melissa Hobgood, IT systems administrator Scott Zentz, and Professor Jianwan Cai. However, although he seeks damages from them, he has explicitly sued them in their official capacities only. *See,*

10

*e.g.*, *Univ. of Pittsburgh Med. Ctr. v. Walker*, No. 2:06-0890, 2007 WL 1575060, at *3 (S.D.W. Va. May 30, 2007) (dismissing claim for damages against state officials where "plaintiff could not have been more explicit in stating that 'defendants are sued in their official capacities'" (alteration omitted)). For clarity, the Court will dismiss any claims against these defendants in their individual capacities.

### 3. Professor Hudgens, Professor Fine, Professor Qaqish, and Professor Preisser

As to the remaining defendants sued in their individual capacities—Professors Hudgens, Fine, Qaqish, and Preisser—Mr. Maisha's complaint alleges the following:

- Professors Hudgens and Fine, Mr. Maisha's dissertation research advisors, (Doc. 1 at ¶ 86), refused to meet with him to discuss research plans. (*Id.* at ¶ 113.) Instead, Professor Hudgens started working on a similar topic with a Caucasian student using research that he was withholding from Mr. Maisha. (*Id.* at ¶¶ 122-23, 125-26.) Professors Hudgens and Fine stole Mr. Maisha's dissertation research and published it as their own work without attribution to Mr. Maisha. (*Id.* at ¶¶ 138-39, 145, 149.)

- Professor Qaqish told Ms. Hobgood that Mr. Maisha "is a terrible student who missed many classes." (*Id.* at ¶ 32 (alterations omitted).)

- Professor Preisser improperly awarded Mr. Maisha a grade of 70% on a homework assignment, when Mr. Maisha had actually earned a grade of 87.5%. (*Id.* at ¶¶ 64-66.) Professor Preisser elevated a Caucasian student's grade from 70% to 80% on the same assignment. (*Id.* at ¶ 67.)

#### a. Intentional Infliction of Emotional Distress

Extreme and outrageous conduct is conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hogan v. Forsyth Country Club*

11

*Co.*, 79 N.C. App. 483, 493, 340 S.E.2d 116, 123 (1986). "Whether the conduct alleged is sufficiently 'extreme and outrageous' to support such an action is a question of law." *Kovack v. Streets & Aves. Rest. Corp.*, No. 1:00CV145, 2001 WL 604179, at *2 (M.D.N.C. Apr. 27, 2001) (citing *Lenins v. K-Mart Corp.*, 98 N.C. App. 590, 599, 391 S.E.2d 843, 848 (1990)).

The alleged actions of Professor Qaqish and Professor Preisser do not rise to the level of utterly intolerable or "beyond all possible bounds of decency." *Hogan*, 79 N.C. App at 493, 340 S.E.2d at 123; *see Johnson v. Bollinger*, 86 N.C. App. 1, 3, 356 S.E.2d 378, 380 (1987) ("'The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" (quoting *Briggs v. Rosenthal*, 73 N.C. App. 672, 677, 327 S.E.2d 308, 311 (1985))); *see also Sabrowski v. Albani-Bayeux, Inc.*, No. 1:02CV00728, 2003 WL 23018827, at *3-4 (M.D.N.C. Dec. 19, 2003) (finding allegations that defendants made false and defamatory statements about plaintiffs not sufficient to state a claim of extreme and outrageous conduct); *Swaim v. Westchester Acad.*, 208 F. Supp. 2d 579, 589-90 (M.D.N.C. 2002) (collecting cases). Accordingly, the Court will grant Defendants' motion to dismiss Mr. Maisha's intentional infliction of emotional distress claims against Professor Qaqish and Professor Preisser.

It is a closer question as to the allegations against Professor Fine and Professor Hudgens. The North Carolina Court of Appeals has held in a different context that allegations of fraudulent misrepresentation and concealment of facts done with the intent to inflict anxiety and distress upon the plaintiff was sufficient to state a claim for intentional infliction of emotional distress. *Johnson v. First Union Corp.*, 128 N.C. App. 450, 457, 496 S.E.2d 1, 5 (1998) (holding allegations that workers' compensation insurance carrier filed false papers with N.C. Industrial Commission sufficient to state a claim for intentional infliction of emotional distress). Here, Mr. Maisha alleges that Professors Fine and Hudgens stole his academic research and published it

12

under their names.  This seems similar to the allegations in *Johnson*, and the Court will allow these claims to go forward, without prejudice to reconsidering the situation at summary judgment.

### b. Negligent Infliction of Emotional Distress

As to the negligent infliction of emotional distress claims against Professors Fine, Hudgens, Qaqish, and Preisser in their individual capacities, Defendants contend that Mr. Maisha does not allege that Defendants' conduct caused severe emotional distress.  Severe emotional distress is "'any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of *severe and disabling* emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so.'"  *Waddle*, 331 N.C. at 83, 414 S.E.2d at 27 (quoting *Ruark Obstetrics*, 327 N.C. at 304, 395 S.E.2d at 97).  Whether a defendant's conduct caused a plaintiff to suffer severe emotional distress is a question for the trier of fact, and it is sufficient that the plaintiff's allegations give the defendant "notice of the nature and basis of [the] claim so as to enable him to answer and prepare for trial." *McAllister v. Ha*, 347 N.C. 638, 646, 496 S.E.2d 577, 583 (1998) (quotation marks omitted).

Mr. Maisha claims that Defendants' conduct caused him "extreme anxiety, sleeplessness, and undue worry with respect to completion of his doctoral degree and future employment prospects."  (Doc. 1 at ¶¶ 224, 228.)  These allegations, combined with Mr. Maisha's other factual claims, place the individual defendants on notice of the nature of his claims.  *See Barbier v. Durham Cnty. Bd. of Educ.*, 225 F. Supp. 2d 617, 628-29 (M.D.N.C. 2002) (recognizing anxiety as a medical condition and finding sufficient plaintiff's allegation that she suffered "severe emotional distress, anxiety, and anguish which caused her to seek medical attention"); *McAllister*, 347 N.C. at 646, 496 S.E.2d at 583 (finding sufficient allegation that defendant's negligence caused plaintiff "extreme mental and emotional distress"); *Acosta v. Byrum*, 180 N.C.

13

App. 562, 570, 638 S.E.2d 246, 252 (2006) (finding sufficient allegation that "defendant's negligence caused severe emotional distress, humiliation, and mental anguish").

The defendants have not challenged the sufficiency of the allegations as to the other elements of this cause of action. Thus, the Court will deny Defendants' motion as to Mr. Maisha's negligent infliction of emotional distress claims against Professors Hudgens, Fine, Qaqish, and Preisser in their individual capacities.

## CONCLUSION

The Court will grant Defendants' motion as to Mr. Maisha's Title VI claims against the individual defendants; Fourteenth Amendment claims; intentional discrimination claims brought pursuant to the North Carolina Constitution; disparate impact claims; copyright infringement claims; plagiarism and violation of academic integrity claims; breach of contract claims; intentional infliction of emotional distress claims against all defendants except for Professors Fine and Hudgens in their individual capacities; and negligent infliction of emotional distress claims against all defendants except for Professors Fine, Hudgens, Preisser, and Qaqish in their individual capacities. Defendants' motion is denied as to Mr. Maisha's intentional infliction of emotional distress claims against Professors Fine and Hudgens and as to Mr. Maisha's negligent infliction of emotional distress claims against Professors Fine, Hudgens, Preisser, and Qaqish in their individual capacities.

The Court will dismiss Mr. Maisha's EEO claims pursuant to his request. Mr. Maisha is granted leave to file an amended complaint including his surviving claims as outlined below.

It is therefore **ORDERED** that:

(1) Defendants' motion to dismiss, (Doc. 6), is **GRANTED** in part and **DENIED** in part, as follows.

14

(2) The following claims are **DISMISSED**:

   a. Title VI claims against the individual defendants;

   b. Fourteenth Amendment claims;

   c. Intentional discrimination claims brought pursuant to the North Carolina Constitution;

   d. Disparate impact claims;

   e. Copyright infringement claims;

   f. Claims of plagiarism and violation of academic integrity policy;

   g. Breach of employment contract claims;

   h. Breach of student-university contract claims;

   i. Intentional infliction of emotional distress claims against all defendants except Professors Fine and Hudgens in their individual capacities; and

   j. Negligent infliction of emotional distress claims against all defendants except Professors Fine, Hudgens, Preisser, and Qaqish in their individual capacities.

(3) Defendants' motion is **DENIED** as to Mr. Maisha's negligent infliction of emotional distress claims against Professors Fine, Hudgens, Preisser, and Qaqish in their individual capacities and as to Mr. Maisha's intentional infliction of emotional distress claims against Professors Fine and Hudgens in their individual capacities. These claims may proceed.

(4) The Title VI claim against UNC may proceed, as no motion to dismiss was made in connection with that claim.

(5) Mr. Maisha's EEO claims are **DISMISSED**.

(6) Mr. Maisha is **GRANTED** leave to file an amended complaint including claims for

   a. Title VI violations against UNC;

b. violations of the Fourteenth Amendment under § 1983 against the individual defendants;

c. conversion against Professors Fine and Hudgens in their individual capacities;

d. negligent infliction of emotional distress against Professors Fine, Hudgens, Preisser, and Qaqish in their individual capacities; and

e. intentional infliction of emotional distress against Professors Fine and Hudgens in their individual capacities.

The motion to amend is otherwise denied and plaintiff shall not include any claims in the amended complaint other than those specifically authorized by this Order. Any Amended Complaint shall be filed no later than April 12, 2013.

This the 27th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE